RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3289-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

BRIAN K. LINDSEY,

 Defendant-Appellant.
_____________________________

 Submitted September 27, 2017 – Decided November 20, 2017

 Before Judges Alvarez and Currier.

 On appeal from Superior Court of New Jersey,
 Law Division, Ocean County, Indictment No.
 00-04-0490.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Janet A. Allegro, Designated
 Counsel, on the brief).

 Joseph D. Coronato, Ocean County Prosecutor,
 attorney for respondent (Samuel Marzarella,
 Chief Appellate Attorney, of counsel; Nicholas
 D. Norcia, Assistant Prosecutor, on the
 brief).

PER CURIAM

 Defendant Brian K. Lindsey seeks reversal of the September

9, 2015 Law Division order denying his petition, after an
evidentiary hearing, for post-conviction relief (PCR) based on

ineffective assistance of counsel. Because we do not agree that

additional steps should have been taken to assess his disabilities

before the entry of his guilty plea, we affirm. We also concur

with the Law Division judge that the record establishes defendant's

understanding of the nature and consequences of his decision,

including the possibility of civil commitment under the Sexually

Violent Predator Act (SVPA), N.J.S.A. 2C:47-5(d), N.J.S.A. 30:4-

27.24 to 30:4-27.31.

 Defendant pled guilty to only one count of the indictment, a

second-degree sexual assault, N.J.S.A. 2C:14-2(c). The Adult

Diagnostic Treatment Center (ADTC) found defendant's conduct in

the commission of the offense was characterized by a pattern of

repetitive and compulsive behavior, and recommended treatment at

Avenel. See N.J.S.A. 2C:47-2.1 Defendant was finally sentenced

on July 17, 2003, after remand, to nine years imprisonment, in

accord with the agreement.2 The term of imprisonment was subject

1
 The original sentencing judge did not make a finding regarding
defendant's amenability to treatment and willingness to
participate, which must be included in the Judgment of Conviction
(JOC). Accordingly, the JOC was thereafter amended a third time
on March 21, 2005, to enable defendant to participate in sex
offender treatment.
2
 Defendant's 2001 sentence was remanded because the Law Division
judge, mistakenly believing it was mandatory, deviated from the

 2 A-3289-15T4
to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Upon

becoming eligible for parole on February 14, 2008, defendant was

civilly committed pursuant to the SVPA. Defendant filed the PCR

petition on January 23, 2013. During the hearing, the judge found

it was counsel's "habit and custom" to review the plea forms with

his clients before their entry of a guilty plea. We detail

counsel's testimony in the relevant section of the opinion.

Fourteen years had passed since this plea was entered,

unsurprisingly, counsel had no recollection of the matter. The

judge said that "it would have been consistent with this custom

that he would have gone over the plea forms with [d]efendant

including . . . the possibility of civil commitment." The judge

further found that although counsel "could not recall many details

of the (SVPA) [he] claimed that he would have gone over it with

his client at the time of his plea." It had been years since

counsel had represented a defendant subject to the SVPA.

 At the hearing, defendant denied that counsel had explained

anything to him, or that he had signed or initialed the plea forms.

He claimed that if he had understood the civil commitment

agreement and imposed a ten-year sentence of imprisonment. State
v. Lindsey, No. A-4644-01 (App. Div. June 11, 2003)(slip. op. at
18-19). On that appeal, defendant argued that not only was his
sentencing erroneous, but that the court double counted an element
of the offense and ignored mitigating factors. Ibid.

 3 A-3289-15T4
ramifications of his plea, he would have chosen to go to trial.

Defendant denied that counsel read the plea form to him, and said

when he told his attorney he could not read or write, his attorney

merely told him to do the best he could.

 The judge found counsel credible, and defendant incredible.

When the plea was entered, counsel clearly stated on the record

that defendant had a developmental disability, and that he reviewed

the forms with defendant with that in mind. The judge was

satisfied that the plea colloquy not only supported counsel's

testimony, it demonstrated that defendant's plea was knowing and

voluntary.

 The judge observed that defendant's testimony during the PCR

hearing was wholly inconsistent, not only with his sworn statements

when the plea was entered, but even with the factual assertions

made in his pro se petition. During the plea colloquy, defendant

acknowledged that his attorney read the forms to him, and that he

initialed and signed them.

 The judge also noted that at sentencing, the prosecutor

specifically mentioned the possibility of civil commitment because

of the ADTC findings. Defendant did not then question the

prosecutor's statements or challenge the findings that prompted

them.

 4 A-3289-15T4
 The judge who accepted defendant's guilty plea thoroughly

reviewed the process and the forms with him, to ensure the record

reflected his understanding of the nature of the plea and the

consequences despite any intellectual limitations. While the plea

was being taken, defendant said that although he understood

everything at that moment, he might not remember it in the future.

During the plea colloquy defendant asked questions.

 During his sentencing, defendant made a statement. He said:

 Yes. I want to say something to the victim
 and my mom. Sorry for what I done. I know I
 can't take back what I done, but I can't change
 my ways and actions. I ask God every[ ]day and
 every night to forgive, and I hope that you
 can forgive me too. But if you can't, that's
 okay too, 'cause I already have been forgiven
 from God. Thank you.

 Now on appeal, defendant states:

 POINT I: THE COURT ERRED IN DENYING
 DEFENDANT'S PETITION FOR POST-CONVICTION
 RELIEF SINCE HE MET HIS BURDEN THAT HE FAILED
 TO RECEIVE EFFECTIVE LEGAL REPRESENTATION AT
 THE TRIAL LEVEL

 (A) TRIAL COUNSEL'S TESTIMONY AT THE
 PCR HEARING WAS INSUFFICIENT TO
 SUPPORT "HABIT" EVIDENCE UNDER
 N.J.R.E. 406

 (B) DEFENDANT WAS NOT PROPERLY
 ADVISED REGARDING THE POSSIBLE
 CONSEQUENCES OF CIVIL CONFINEMENT
 IN LIGHT OF HIS DEVELOPMENTAL
 DISABILITY

 5 A-3289-15T4
 POINT II: TRIAL COUNSEL'S FAILURE TO ARRANGE
 FOR THE APPROPRIATE TESTS TO DETERMINE THE
 EXTENT OF DEFENDANT'S DEVELOPMENTAL
 DISABILITY AND ABILITY TO MAKE A KNOWING,
 VOLUNTARY GUILTY PLEA CONSTITUTED INEFFECTIVE
 ASSISTANCE OF COUNSEL

 I.

 A PCR petition alleging ineffective assistance of counsel is

governed by the two-prong Strickland test.3 To prevail on a claim

of ineffective assistance of counsel, the defendant bears the

burden of proving both prongs of the test by the preponderance of

the evidence. Id. at 687-88, 690, 694 104 S. Ct. at 2064, 2066,

2068, 80 L. Ed. 2d at 693, 695, 698.

 Under the first prong, the defendant "must identify the acts

or omissions of counsel that are alleged not to have been the

result of reasonable professional judgment." Id. at 690, 104 S.

Ct. at 2066, 80 L. Ed. 2d at 695. "The court must then determine

whether, in light of all the circumstances, the identified acts

or omissions were outside the wide range of professionally

competent assistance." Ibid. However, there is a presumption

that counsel provided "adequate assistance and made all

significant decisions in the exercise of reasonable professional

judgment." Ibid.

3
 Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.
Ed. 2d 674 (1984).

 6 A-3289-15T4
 The second prong requires that defendant show actual

prejudice. Id. at 687-88, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.

Under the second prong, "[t]he defendant must show that there is

a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."

Id. at 694, 104 S Ct. at 2068, 80 L. Ed. 2d at 698. A reasonable

probability is one that undermines confidence in the outcome.

Ibid.

 In State v. Fritz, 105 N.J. 42, 58 (1987), the New Jersey

Supreme Court adopted the two-prong test set out in Strickland.

"[T]he key inquiry is 'whether counsel's conduct so undermined the

proper functioning of the adversarial process that the trial cannot

be relied on as having produced a just result.'" State v. Holmes,

290 N.J. Super. 302, 310 (App. Div. 1996) (quoting Strickland,

supra, 466 U.S. at 686, 104 S. Ct. at 2064, 80 L. Ed. 2d at 692-

93).

 The standard of review for ineffective assistance of counsel

claims when a defendant enters into a guilty plea is essentially

the same. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370,

88 L. Ed. 2d 203, 210 (1985). A defendant must first establish

that the representation was deficient. Ibid. Second, a defendant

must demonstrate that, but for counsel's errors, he or she would

not have entered into a plea agreement with the State. Ibid.

 7 A-3289-15T4
 In reviewing the denial of a PCR petition, we ask whether the

trial court's fact findings are supported by sufficient credible

evidence. State v. Nunez-Valdez, 200 N.J. 129, 141 (2009).

Deference is given to the trial court's credibility

determinations. State v. Reevey, 417 N.J. Super. 134, 146 (App.

Div. 2010), certif. denied, 206 N.J. 64 (2011). Questions of law,

however, are reviewed de novo. State v. Harris, 181 N.J. 391, 420

(2004), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed.

2d 898 (2005).

 II.

 During the hearing, defendant's trial attorney testified that

he had been associated with the Public Defender's Office, and

served as pool counsel, for over forty-six years. He had been

involved in over one thousand trials, and over four or five

thousand plea agreements. Since representing this defendant,

counsel had been involved in approximately seventy-five trials.

He had no specific recollection of this defendant.

 Before trial counsel began to testify about his "custom and

habit" when representing a client entering a guilty plea, defense

counsel objected. The judge overruled the objection given

counsel's years of experience as a criminal defense attorney. The

judge opined that an attorney with that background, in the absence

of a specific recollection, should be allowed to testify about his

 8 A-3289-15T4
habit and custom. Although no one cited to the rule by number,

the references and discussion concerned N.J.R.E. 406. That rule

provides that evidence of habit or routine practice "is admissible

to prove that on a specific occasion a person or organization

acted in conformity with the habit or routine practice." N.J.R.E.

406(a).

 Actions engaged in as part of a repeatedly performed business

practice support the inference that the action in question was

taken, and is admissible. See Merchants Express Money Order Co.

v. Sun Nat'l Bank, 374 N.J. Super. 556, 561 (App. Div. 2005),

certif. appeal dismissed, 217 N.J. 591 (2006). The disputed action

in that case was a banking procedure, found to be admissible

because it was well-established routine. In this case, where the

attorney had engaged in the practice of criminal law for many

years, and had clients who had entered guilty pleas in thousands

of cases, it was reasonable for the judge to admit habit and custom

evidence. The attorney's practices were more than well-

established.

 The attorney's testimony, together with the transcript of the

plea proceeding, constituted sufficient evidence that counsel

explained the plea forms to defendant, including the potential

consequence of commitment under the SVPA. The judge's admission

of the evidence during the PCR hearing was thus a reasonable

 9 A-3289-15T4
exercise of his discretion. McDarby v. Merck & Co., Inc., 401

N.J. Super. 10, 79-80 (App. Div. 2008) (finding no reversible

error where the judge permitted evidence of habit or custom).

Just as counsel had in thousands of other cases, he explained the

plea bargain process to this client, reviewed the forms, and

discussed the significant consequences. Therefore, we do not

agree that trial counsel's testimony was insufficient to support

the admission of habit evidence under N.J.R.E. 406.

 III.

 It is well established law that a defendant must be advised

of the possibility of civil confinement – fundamental fairness

demands it. State v. Bellamy, 178 N.J. 127, 139-40 (2003). The

plea forms in use at the time defendant entered his guilty plea

included a separate page regarding the possibility of civil

commitment.

 Defendant's claim that he was not told about civil commitment

is simply not corroborated by the record. Not only did he initial

the relevant page, but he said under oath that his attorney

reviewed the forms with him and he understood what they were.

 Question eight on defendant's plea form4 states that if a

defendant is incarcerated at Avenel or any other facility "for

4
 "Additional Questions for Certain Sexual Offenses Committed After
December 1, 1988."

 10 A-3289-15T4
commission of a sexually violent offense," he might be civilly

committed under the SVPA. As we have said, the record and

counsel's habit and custom support the conclusion that it was

explained to him, as were the other provisions of the plea

agreement. It is noteworthy that when defendant was sentenced,

the issue of civil commitment was specifically raised by the

prosecutor, who referred to defendant as a danger to society

because of his prior conviction history and the Avenel evaluation.

 IV.

 Finally, we address defendant's claim that his attorney was

ineffective because he failed to arrange for testing to determine

"the extent of defendant's developmental disability and ability

to make a knowing, voluntary guilty plea[.]" Defense counsel

noted at the beginning of the plea hearing that the issue of

defendant's competence was a "borderline situation."

 Because of the concern, the judge closely attended to

defendant's responses as he proceeded to take the plea. At the

end of the colloquy, the judge said:

 There's no question, in my mind, he's
 competent. He understands me. He's asked
 intelligent questions.

 He responded lucidly and appropriately in all
 respects.

 Had counsel not even mentioned what he did
 mention – I'm pleased that he did, lest it be

 11 A-3289-15T4
 raised later, as opposed to being mentioned
 on the record now, that the Court would not
 have noticed anything unusual about this
 particular defendant.

 I'm satisfied, he's competent. He understands
 what the proceedings are all about. And the
 court will accept the plea at this time.

 Most tellingly, absent from the record is any documentation

regarding defendant's cognitive functioning. No examinations or

reports were referred to in the pleas and sentences. Presumably,

the issue arose in defendant's prior matters, yet he was never

found incompetent. Funding for expert evaluations is available

through the Office of Public Defender, yet none was obtained. At

the sentence hearing, at which defendant's Avenel evaluation was

mentioned, no one discussed finding that, in addition to being a

repetitive and compulsive offender, defendant had legally

significant intellectual limits. When the PCR petition was filed,

again, no evaluation was provided. We were not provided with a

copy of the Avenel report, presumably because it was not helpful

to defendant's cause. Defendant's claims amount to nothing more

than bald assertions. See State v. Cummings, 321 N.J. Super. 154,

170 (App. Div. 1999).

 V.

 The State asserts that the court should have rejected

defendant's petition because it was untimely. If calculated from

 12 A-3289-15T4
the date of defendant's first resentence in 2003, or even his

final resentence in 2005, defendant's petition was not filed within

the five years required by the rule within which such petitions

should be considered. See R. 3:22-12. Because of the nature of

defendant's factual claims, we elect not to reach the argument.

 Affirmed.

 13 A-3289-15T4